**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> MOISES MORENO, <br><br> Defendant - Appellant. | No. 23-448 <br><br> D.C. No. <br> 3:22-cr-01375-BAS-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 3, 2025**
Pasadena, California

Before: WARDLAW, CALLAHAN, and HURWITZ, Circuit Judges.

Moises Moreno appeals his conviction and sentence for knowingly and intentionally importing more than 400 grams of fentanyl in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and we affirm.

1. Ninety minutes into jury deliberations, the foreperson sent this note: "Judge - We have a juror worried about what may happen to them or their family if we find a result of guilty. Please advise." The district court then told the parties:

> So my suggestion would be to repeat a part of the instruction No. 1 which says, "It is your duty as jurors to base your verdict solely on the evidence and the law. You may not be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases," and then to add something that says, we use jurors' numbers instead of names to ensure the privacy of our jurors. All juror personal information remains sealed and confidential.

Moreno's counsel moved for a mistrial but did not object to the substance of the proposed instruction. The judge denied a mistrial, wrote the instruction on the note, and sent it back to the jury. The jury concluded deliberations about ten minutes later and returned a guilty verdict.

The district court did not err in responding to the note solely with the curative instruction. The note establishes neither actual bias of a juror, *see United States v. Mitchell*, 568 F.3d 1147, 1151 (9th Cir. 2009), nor implied bias, *see United States v. Gonzalez*, 906 F.3d 784, 797 (9th Cir. 2018). Nor does the note indicate that the juror's concern was prompted by either an improper external contact, *see United States v. Angulo*, 4 F.3d 843, 846–848 (9th Cir. 1993), or "indirect coercive contact" by Moreno, *see United States v. Simtob*, 485 F.3d 1058, 1060–61, 1064–65 (9th Cir. 2007).

2.    The district court did not abuse its discretion in denying Moreno's mistrial motion based on the jury note.  "[D]eclaring a mistrial is appropriate only where a cautionary instruction is unlikely to cure the prejudicial effect of an error." *United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) (cleaned up).  "Ordinarily, cautionary instructions or other prompt and effective actions by the trial court are sufficient" for this purpose, because "juries are presumed to follow such cautionary instructions." *Id*.

3.    There was no plain error in the substance of the curative instruction, to which Moreno did not object.  *See* Fed. R. Crim. P. 52(b); *United States v. Madrid*, 842 F.2d 1090, 1093 (9th Cir. 1988).  "[T]reating anonymity as a routine procedure and offering neutral justifications focused on juror confidentiality" guarded against any possible prejudice from drawing attention to jurors' anonymity, and offering a "pretextual reason" for that anonymity was not required.  *See United States v. Mikhel*, 889 F.3d 1003, 1031–32 (9th Cir. 2018).

4.    The district court did not err in denying a "minor role" adjustment under U.S.S.G. § 3B1.2(b), which applies if a defendant is "substantially less culpable than the average participant" in the criminal scheme.  *United States v. Chichande*, 113 F.4th 913, 915 (9th Cir. 2024).  The court appropriately concluded that the record did not establish that there were other participants with a greater role.  Nor did the court err in considering the amount of fentanyl seized when imposing a sentence.

The "nature and extent" of a defendant's acts to be considered at sentencing "reasonably includes the amount of drugs" imported. *Id.* at 923.

**AFFIRMED.**